Pamela A. McKay (SBN 7812)
**MCKAY LAW FIRM, CHTD.**
9320 Sun City Blvd., Suite 104
Las Vegas, NV 89134
Phone: 702-835-6956
Fax: 702- 835-6957
pmckay@mckaylawfirmchtd.com

Attorneys for Defendant
ATAIN SPECIALTY INSURANCE COMPANY
erroneously named ATAIN INSURANCE COMPANIES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>    vs.<br><br>ATAIN INSURANCE COMPANIES; and DOES 1 through 20, inclusive,<br><br>         Defendants. | CASE NO.  2:18-cv-00064<br><br><u>ANSWER TO COMPLAINT</u><br><u>AND REQUEST FOR JURY TRIAL</u> |

   Defendant ATAIN SPECIALTY INSURANCE COMPANY, erroneously sued as ATAIN INSURANCE COMPANIES, hereby Answers the Complaint as follows:

PARTIES

   1.   In response to paragraph 1, ATAIN SPECIALTY INSURANCE COMPANY (Atain) is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

   2.    In response to paragraph 2, Atain admits it is a surplus lines insurer doing business in the State of Nevada.

   3.   In response to paragraph 3, Atain responds that no admission, denial or inability to admit or deny is required.

## JURISDICTION AND VENUE

4. In response to paragraph 4, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

5. In response to paragraph 5, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

## THE ACTIONS

6. In response to paragraph 6, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

## THE POLICIES

7. In response to paragraph 7, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

8. In response to paragraph 8, Atain admits it issued commercial general liability policy no. PRB12738 with a policy period of February 20, 2006 to February 20, 2007 to Quality Wood Products, Ltd. (Quality Wood).

9. In response to paragraph 9, Atain denies all material allegations set forth therein.

## DEFENSE AND INDEMNITY OF QUALITY

10. In response to paragraph 10, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

11. In response to paragraph 11, Atain admits it denied the tender of some of the actions referenced in the complaint. As to other actions referenced in the complaint, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

///

12. In response to paragraph 12, Atain denies the allegations contained therein. As to the allegations against Doe Defendants, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.      .

13. In response to paragraph 13, Atain admits the referenced actions are suits brought for constructional defects. In further response to paragraph 13, Atain denies the remaining allegations contained therein.

14. In response to paragraph 14, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

## DEFENSE OF ADDITIONAL INSURED

15. In response to paragraph 15, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

16. In response to paragraph 16, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

17. In response to paragraph 17, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

18. In response to paragraph 18, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

19. In response to paragraph 19, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

///

///

## FIRST CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
## AS TO DUTY TO DEFEND (QUALITY)

20. In response to paragraph 20, Atain incorporates by reference as if fully set forth herein, as its response to paragraphs 1 through 19 above.

21. In response to paragraph 21, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

22. In response to paragraph 22, Atain admits issuing commercial general liability policy no. PRB12738 with a policy period of February 20, 2006 to February 20, 2007 to Quality Wood. As to the remaining allegations as to Atain, Atain denies the allegations contained therein. As to the allegations against Doe Defendants, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.   .

23. In response to paragraphs 23 through 26, Atain denies the allegations contained therein. As to the allegations against Doe Defendants, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

## SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
## AS TO DUTY TO INDEMNIFY QUALITY

24. In response to paragraph 27, Atain incorporates by reference as if fully set forth herein, as its response to paragraphs 1 through 26 above.

25. In response to paragraph 28, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

26. In response to paragraphs 29 through 32, Atain denies the allegations contained therein. As to the allegations against Doe Defendants, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

THIRD CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

AS TO DUTY TO DEFEND ADDITIONAL INSUREDS

27. In response to paragraph 33, Atain incorporates by reference as if fully set forth herein, as its response to paragraphs 1 through 32 above.

28. In response to paragraph 34, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

29. In response to paragraphs 35 to 39, Atain denies the allegations contained therein. As to the allegations against Doe Defendants, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF

AS TO DUTY TO DEFEND QUALITY

30. In response to paragraph 40, Atain incorporates by reference as if fully set forth herein, as its response to paragraphs 1 through 39 above.

31. In response to paragraph 41, Atain admits it denied the tender of some of the actions referenced in the complaint. As to other actions referenced in the complaint, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same. As to the allegations against Doe Defendants, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

32. In response to paragraph 42, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

33. In response to paragraph 43, and all subparts contained therein, Atain admits a judiciable controversy exists regarding the parties' respective rights and duties under the policies for the referenced actions.

34. In response to paragraphs 44 to 46, Atain admits the allegations contained therein.

## FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF
## AS TO DUTY TO INDEMNIFY QUALITY

35. In response to paragraph 47, Atain incorporates by reference as if fully set forth herein, as its response to paragraphs 1 through 46 above.

36. In response to paragraph 48, Atain admits it denied the tender of some of the actions referenced in the complaint. As to other actions referenced in the complaint, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same. Atain denies it wrongfully denied the tenders, denies that it had a duty to defend Quality Wood, and denies it had a duty to indemnify Quality Wood. As to the allegations against Doe Defendants, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

37. In response to paragraph 49, and all subparts contained therein, Atain admits a judiciable controversy exists regarding the parties' respective rights and duties under the policies for the referenced actions.

38. In response to paragraph 50, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

39. In response to paragraphs 51 through 53, Atain admits the allegations contained therein.

## SIXTH CAUSE OF ACTION FOR DECLARATORY RELIEF
## AS TO DUTY TO DEFEND ADDITIONAL INSUREDS

40. In response to paragraph 54, Atain incorporates by reference as if fully set forth herein, as its response to paragraphs 1 through 53 above.

41. In response to paragraph 55, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

42. In response to paragraph 56, Atain is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the

same.

43. In response to paragraph 57, and all subparts contained therein, Atain admits a judiciable controversy exists regarding the parties' respective rights and duties under the policies for the referenced actions.

44. In response to paragraphs 58 through 60, Atain admits the allegations contained therein.

45. Except for those allegations that Atain has expressly admitted, it denies all material allegations and causes of action contained in the complaint.

## AFFIRMATIVE DEFENSES

For its further Answer to the Complaint and by way of affirmative defenses, Atain alleges as follows:

46. <u>Failure to State a Claim</u>.  The Complaint and each and every purported cause of action therein, fails to state sufficient facts to state a cause of action for which relief can be granted against Atain.

47. <u>The Requirements of the amended Insuring Agreement to Coverage A. – Bodily Injury and Property Damage Liability</u>. The Complaint and each and every purported cause of action therein is not covered pursuant to the following language:

   1. Insuring Agreement
      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit", "loss, "claim", "occurrence", or incident seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      (1)  The amount we will pay for damages is limited as described in Section III - LIMITS OF INSURANCE; and
      (2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A and B.

7

    b.    This insurance applies to "bodily injury" and "property damage" only if:
        (1)    The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
        (2)    The "bodily injury" or "property damage" first manifests during the policy period. This insurance does not apply to any "bodily injury" or "property damage" that is, or alleged to be, continuous or progressively deteriorating and that first manifests prior to the inception date of this policy or retroactive date of this policy, if any, or after the expiration of this policy, even if such "bodily injury" or "property damage" continues or deteriorates during the term of this policy.

\* \* \*

    d.    For the purposes of this endorsement, "bodily injury" first manifests when it is medically diagnosed, and "property damage" first manifests at the time it is apparent to any person, including, but not limited to, an "insured", an Additional Insured, a "claimant", or a property owner.

"Claimant" means a person or entity who makes a claim or brings a suit against an "insured." . . .

48. <u>The Amended Definition of Occurrence</u>.  The Complaint and each and every purported cause of action therein is not covered pursuant to the following language:

AMENDED DEFINITIONS ENDORSEMENT
OCCURRENCE OR DUTY TO DEFEND

This endorsement shall not serve to increase our limits of insurance, as described in SECTION III – LIMITS OF INSURANCE.

In consideration of the payment of premiums, it is hereby agreed that paragraph 13. "occurrence", of SECTION V – DEFINTIONS is deleted in its entirety and replaced with the following:

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions that happens during the term of this insurance. Property damage, "bodily injury" or "personal and advertising injury" which commenced prior to the effective date of this insurance will be deemed to have happened prior to, and not during the term of this insurance.

There shall be no obligation on the part of the Company to defend any "suit" against the insured or any Additional Insured if such "suit" does not allege an "occurrence" as defined in this Endorsement.

///

49. <u>The Requirement of Property Damage</u>. The Complaint and each and every purported cause of action therein is not covered pursuant to the following language:

> 17. "Property damage" means:
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

50. <u>The Work/Product Exclusions</u>. The Complaint and each and every purported cause of action therein is excluded pursuant to the following exclusions to Coverage A.:

> 2. Exclusions:
> This insurance does not apply to:
> * * *
> k. Damage To Your Product
> "Property damage" to "your product" arising out of it or any part of it.
>
> l. Damage To Your Work
> "Property damage to "your work" arising out of it or any part of it and included in "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

51. <u>The Fungi and Bacteria Exclusion</u>. The Complaint and each and every purported cause of action therein is excluded pursuant to the following Exclusion to Coverage A.:

> FUNGI OR BACTERIA EXCLUSION
>
> This endorsement modifies insurance provided under the following:
>     COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> A. The following exclusion is added to Paragraph 1., Exclusions of Section I - Coverage A – Bodily Injury And Property Damage Liability:
> 2. Exclusions
> This insurance does not apply to:
> a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed

      concurrently or in any sequence to such injury or damage.
  b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

  This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

* * *

C. The following definition is added to the Definitions Section:
  "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spore, scents or byproducts produced or released by fungi.

(CG 21 67 04 02.)

52. <u>Laches</u>.  Plaintiff waited an unreasonable period of time before asserting its claims under the doctrine of laches.

53. <u>Unclean Hands</u>.  Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

54. <u>Equity Does Not Support Recovery</u>.  Atain is informed and believes and thereon alleges that Plaintiff should be barred or otherwise prevented from recovering or obtaining any relief from this answering defendant on the basis that the equities of Plaintiff's claims do not merit any recovery from or against this answering defendant.

55. <u>Statute of Limitations</u>.  The causes of action set forth in the Complaint are barred by the applicable statutes of limitations and repose.

56. <u>No Potential for Coverage</u>.  The actions for which Plaintiff seeks contribution for defense fees and costs did not allege the potential for coverage within the Atain policy issued to Quality Wood.

57. <u>No Actual Coverage</u>.  The actions for which Plaintiff seeks contribution for indemnity paid on behalf of Quality Wood were not actually covered within the Atain policy issued to Quality Wood.

58. <u>No Additional Insured Status</u>.  The organizations for which Plaintiff seeks contribution for defense fees and costs paid for additional insureds do not qualify as additional insured(s) to

the Atain policy issued to Quality Wood.

59. <u>Lack of Tender</u>.  Atain is informed and believes and thereon alleges that Plaintiff, Quality Wood and/or the unidentified organization who qualified as an additional insured under Plaintiff's policies issued to Quality Wood did not tender the actions to Atain.

60. The Complaint is barred in whole or in part by the terms, conditions, definitions, limitations and exclusions contained in the Atain policy and/or by public policy and/or express provisions of law.

61. <u>Attorney Fees</u>.  This answering defendant has employed the McKay Law Firm, Chtd. to represent it in this action and has incurred, and will incur, further reasonable attorney's fees and costs in connection with said representation. As a result of the acts and omissions alleged, all other parties are liable to reimburse this answering defendant for all reasonable fees and costs incurred.

62. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts are not available after reasonable inquiry upon the filing of Plaintiff's Complaint and, therefore, Atain reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, defendant Atain prays as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. For judgment declaring that Atain does not have a duty to defend Quality Wood for the referenced actions;

3. For judgment declaring that Atain does not have a duty to indemnify Quality Wood for the referenced actions;

4. For judgment declaring that Atain does not have a duty to defend any additional insured for the referenced actions;

5. Atain be awarded costs of suit and reasonable attorney's fees, including expert fees, incurred herein; and

/ / /

/ / /

6.  For such other and further relief as the Court may deem just and proper.

                                          MCKAY LAW FIRM, CHTD.

                                          /s/ *Pamela McKay*

DATED:  January 11, 2018      By: _____
                                          Pamela A. McKay (SBN 007812)
                                          9320 Sun City Blvd., Suite 104
                                          Las Vegas, NV 89134
                                          Telephone: (702) 835-6956
                                          Facsimile: (702) 835-6957

                                          Attorneys for Defendant
                                          ATAIN SPECIALTY INSURANCE COMPANY
                                          erroneously named ATAIN INSURANCE
                                          COMPANIES

CERTIFICATE OF SERVICE

*Colony National Insurance Company v. Atain Insurance Companies*
United States District Court, D. Nev., Case No. 2:18-cv-00064

I certify that I am an employee of McKay Law Firm, Chtd., and that pursuant to LR 5-4, on January 11, 2018, I served a true and correct copy of the foregoing ANSWER TO COMPLAINT via CM/ECF and by First Class U.S. Mail to the parties and to their counsel identified below:

| ATTORNEY OF RECORD | PARTY |
|---|---|
| Trelawney Kitchen<br>LAW OFFICES OF SEMHA ALWAYA, APC<br>2000 Powell Street, Ste. 125<br>Emeryville, CA 94608<br><br>and<br><br>L. Kristopher Rath<br>Cynthia G. Milanowski<br>HUTCHISON & STEFFEN, PLLC<br>10080 W. Alta Drive, Ste. 200<br>Las Vegas, NV 89145 | Plaintiff COLONY NATIONAL INSURANCE COMPANY |

/s/ *Pamela McKay*

_____
Pamela A. McKay
MCKAY LAW FIRM CHTD.