Pamela A. McKay (SBN 7812)
**MCKAY LAW FIRM, CHTD.**
9320 Sun City Blvd., Suite 104
Las Vegas, NV 89134
Phone: 702-835-6956
Fax: 702- 835-6957
pmckay@mckaylawfirmchtd.com

Attorneys for Defendant
ATAIN SPECIALTY INSURANCE COMPANY
erroneously named ATAIN INSURANCE COMPANIES

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| COLONY NATIONAL INSURANCE COMPANY, | ) ) | CASE NO. |
| Plaintiff, | ) ) ) | NOTICE OF REMOVAL |
| vs. | ) ) | |
| ATAIN INSURANCE COMPANIES; and DOES 1 through 20, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |
| ————————————————— | ) | |

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

Defendant ATAIN SPECIALTY INSURANCE COMPANY, erroneously named ATAIN INSURANCE COMPANIES, notices the removal of this action to the United States District Court, and, in support thereof, states as follows:

1.    ATAIN SPECIALTY INSURANCE COMPANY is the defendant in the above-entitled action commenced in the 8th Judicial District Court, in and for Clark County, Nevada, and is now pending in that court.

2.    Service of summons and complaint upon ATAIN SPECIALTY INSURANCE COMPANY was made by Plaintiff serving the Department of Business and Industry, Division of Insurance for the State of Nevada on December 27, 2017, pursuant to NRS 680A.260 and NRS 685A.200.

3. No further proceedings have been had in this matter in the 8th Judicial District Court.

4. ATAIN SPECIALTY INSURANCE COMPANY is and was at the time this action was commenced a corporation incorporated in the State of Michigan with its principal place of business in the State of Michigan. Plaintiff does not allege the state in which it is incorporated or the location of its principal place of business. ATAIN SPECIALTY INSURANCE COMPANY is informed and believes and thereon alleges that Plaintiff is not a Michigan corporation and does not maintain its principal place of business in the State of Michigan. There is now and there was at the time of the commencement of this action complete diversity between plaintiff and defendant.

5. Does 1 through 20 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction.

6. The complaint alleges claims for equitable contribution and declaratory relief in a sum in excess of the minimum jurisdiction of the court; specifically, in excess of $1,000,000 (One Million Dollars).

7. The sum of equitable contribution sought by Plaintiff exceeds $75,000, exclusive of interest and costs, based on the express allegations of the complaint stating the alleged sums sought are in excess of $1,000,000 (One Million Dollars).

8. This Court has original jurisdiction over the subject matter of this action under the provisions of Section 1332 of Title 28 of the United States Code in that there is complete diversity between the parties and more than $75,000 in controversy exclusive of interest and costs. Pursuant to Section 1441 of Title 28 of the United States Code, ATAIN SPECIALTY INSURANCE COMPANY is therefore entitled to remove this action to this Court.

9. Thirty days have not elapsed since defendant was served with the summons and complaint in this action. Copies of the summons and complaint are attached hereto and marked respectively as Exhibits A and B, constituting all of the papers and pleadings served on ATAIN SPECIALTY INSURANCE COMPANY.

10. A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the 8th Judicial District Court of the State of Nevada.

Based on the foregoing, ATAIN SPECIALTY INSURANCE COMPANY removes the above action now pending in the 8th Judicial District Court of the State of Nevada, as Case No. A-17-765604-C, to this Court.

MCKAY LAW FIRM, CHTD.

 /s/ *Pamela McKay*

DATED:  January 11, 2018          By:  _____

Pamela A. McKay (SBN 007812)
9320 Sun City Blvd., Suite 104
Las Vegas, NV 89134
Telephone: (702) 835-6956
Facsimile: (702) 835-6957

Attorneys for Defendant
ATAIN SPECIALTY INSURANCE COMPANY
erroneously named ATAIN INSURANCE
COMPANIES

CERTIFICATE OF SERVICE

*Colony National Insurance Company v. Atain Insurance Companies*
United States District Court, D. Nev., Case No. [TBD]

I certify that I am an employee of McKay Law Firm, Chtd., and that pursuant to LR 5-4, on January 11, 2018, I served a true and correct copy of the foregoing NOTICE OF REMOVAL via CM/ECF and by First Class U.S. Mail to the parties and to their counsel identified below:

| ATTORNEY OF RECORD | PARTY |
|---|---|
| Trelawney Kitchen<br>LAW OFFICES OF SEMHA ALWAYA, APC<br>2000 Powell Street, Ste. 125<br>Emeryville, CA 94608<br><br>and<br><br>L. Kristopher Rath<br>Cynthia G. Milanowski<br>HUTCHISON & STEFFEN, PLLC<br>10080 W. Alta Drive, Ste. 200<br>Las Vegas, NV 89145 | Plaintiff COLONY NATIONAL INSURANCE COMPANY |

/s/ *Pamela McKay*

_____
Pamela A. McKay
MCKAY LAW FIRM CHTD.

4

# EXHIBIT A



1    **SUMM**
Trelawney Kitchen (10374)
2    LAW OFFICES OF SEMHA ALWAYA, APC
2000 Powell Street, Suite 125
3     Emeryville, California 94608
Phone:  (510) 595-7900
4    Facsimile: (510) 595-9049
Email:   tjkitchen@alwayalaw.com
5    AND
L. Kristopher Rath (5749)
6    Cynthia G. Milanowski (5652)
HUTCHISON & STEFFEN, PLLC
7    Peccole Professional Park
10080 W. Alta Drive, Suite 200
8    Las Vegas, Nevada 89145
Telephone:  (702) 385-2500
9    Facsimile: (702) 385-2086
Email: Krath@hutchlegal.com
10   Email: cmilanowski@hutchlegal.com

11   Attorneys for Plaintiff
COLONY NATIONAL INSURANCE COMPANY

12

13                EIGHTH JUDICIAL DISTRICT COURT

14                 CLARK COUNTY, NEVADA

15   COLONY NATIONAL INSURANCE      | Case No. A-17-765604-C
    COMPANY,
16                            | Dept. No 28
17               Plaintiff,      |
                               | **SUMMONS**
18     vs.                           | **Atain Insurance Companies**
19   ATAIN INSURANCE COMPANIES; and
    DOES 1 through 20, inclusive,
20
21               Defendants

22   **NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU**
**WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE**
23   **INFORMATION BELOW.**

24          TO THE DEFENDANT(S): A civil Complaint has been filed against you by Plaintiff against

25   you for the relief set forth in the Complaint.

26          1.      If you intend to defend this lawsuit, within 20 days after this Summons is served

27   on you, exclusive of the day of service, you must do the following:

28

-1-

(a)      File with the Clerk of this Court, whose address is shown below, a formal      written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b)      Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this

///
///
///
///
///
///
///
///
///
///
///
///
///

1 | Summons within which to file an Answer or other responsive pleading to the Complaint.

2 |         DATED December 6, 2017.

3 |

4 |                                    STEVEN D. GRIERSON, CLERK OF COURT

5 |                                                                  12/6/2017

6 |

7 |                                    Deputy Clerk, Date:
                                       Regional Justice Center
8 |                                    200 Lewis Ave.
                                       Las Vegas, NV 89155

9 | Submitted by:

10 |

11 | Trelawney Kitchen
     LAW OFFICES OF SEMHA ALWAYA, APC
12 | 2000 Powell Street, Suite 125
     Emeryville, California 94608
13 |
     And
14 |
     L. Kristopher Rath
15 | Cynthia G. Milanowski
     HUTCHISON & STEFFEN, PLLC
16 | 10080 W. Alta Dr., Suite 200
     Las Vegas, NV 89145
17 |
     *Attorney for Plaintiff*
18 | *COLONY NATIONAL INSURANCE COMPANY*

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009  •  Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

December 28, 2017

Atain Insurance Company
Attn: Emmanuel Manuelidis
30833 Northwestern Highway
Farmington Hills, MI 48334

RE:  Colony National Insurance Company vs. Atain Insurance Companies, et al.
     District Court, Clark County, Nevada
     Case No. A-17-765604-C

Dear Mr. Manuelidis:

Enclosed please find the following documents: Summons and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on December 27, 2017.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:  *[signature]*

RHONDA KELLY
Service of Process Clerk

Enclosures

c:  Cynthia G. Milanowski, Esq.

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

> Atain Insurance Company
> Attn: Emmanuel Manuelidis
> 30833 Northwestern Highway
> Farmington Hills, MI 48334
> CERTIFIED MAIL NO. 7016 3010 0000 0484 2031

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 28th day of December, 2017.

RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:   Colony National Insurance Company vs. Atain Insurance Companies, et al.
District Court, Clark County, Nevada
Case No. A-17-765604-C

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 12/28/17   By: _____

-1-

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

C.J. MANTHE
*Director*



BARBARA D. RICHARDSON
*Commissioner*



**DEPARTMENT OF BUSINESS AND INDUSTRY**
**DIVISION OF INSURANCE**
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009   •   Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

December 28, 2017

Cynthia G. Milanowski, Esq.
HUTCHISON & STEFFEN, PLLC
10080 W. Alta Dr., Ste. 200
Las Vegas, NV 89145

RE:   Colony National Insurance Company vs. Atain Insurance Companies, et al.
      District Court, Clark County, Nevada
      Case No. A-17-765604-C

Dear Ms. Milanowski:

The Division received the service of process documents on December 27, 2017, regarding the above-entitled matter. Service has been completed on Atain Insurance Company this date and enclosed are the following:

1.   A copy of our letter to Atain Insurance Company dated December 28, 2017;
2.   A certified copy of the Proof of Service dated December 28, 2017; and
3.   Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:   _RHONDA KELLY_

RHONDA KELLY
Service of Process Clerk

Enclosures

c:   Atain Insurance Company

# EXHIBIT B

Electronically Filed
12/4/2017 5:01 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Trelawney Kitchen (10374)
LAW OFFICES OF SEMHA ALWAYA, APC
2000 Powell Street, Suite 125
  Emeryville, California 94608
Phone:  (510) 595-7900
Facsimile: (510) 595-9049
Email:    tjkitchen@alwayalaw.com
AND
L. Kristopher Rath (5749)
Cynthia G. Milanowski (5652)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 W. Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
Email: Krath@hutchlegal.com
Email: cmilanowski@hutchlegal.com

Attorneys for Plaintiff
COLONY NATIONAL INSURANCE COMPANY

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ATAIN INSURANCE COMPANIES; and DOES 1 through 20, inclusive,<br><br>Defendants | Case No.   A-17-765604-C<br><br>Dept.        Department 28<br><br>**COLONY NATIONAL INSURANCE COMPANY'S COMPLAINT FOR EQUITABLE CONTRIBUTION, EQUITABLE INDEMNITY AND DECLARATORY RELIEF**<br><br>**EXEMPT FROM ARBITRATION:**<br><br>**DECLARATORY RELIEF REQUESTED** |

Plaintiff COLONY NATIONAL INSURANCE COMPANY ("Colony") hereby complains against Defendants ATAIN INSURANCE COMPANIES ("Atain"); and DOES 1 through 10, inclusive and each of them.

**PARTIES**

1.      Plaintiff Colony is a corporation licensed to do business and doing business at all relevant times herein as a liability insurer in the State of Nevada.

2.      Colony alleges on information and belief that Atain is a corporation licensed to do business and doing business at all relevant times herein as a liability insurer in the State of Nevada.

3.      Colony alleges on information and belief that DOES 1 through 20 are insurers licensed to do business and doing business in the State of Nevada who also owe defense and/or indemnity to Quality Wood Product, Ltd. ("Quality") and the additional insureds covered under their policies for the lawsuits listed below, but have failed and/or refused to provide a defense and/or indemnify Quality and/or any additional insureds covered under their policies.  The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES 1 through 20 are unknown to Colony at this time; and for that reason, Colony sues Doe Defendants by fictitious names. Colony will seek leave to amend this Complaint to allege the true names and capacities of said Doe Defendants when they have been ascertained.

**JURISDICTION AND VENUE**

4.      This action for declaratory relief, equitable contribution, and equitable indemnity is brought pursuant to NRCP 57 and NRS Chapter 30, and the common law. This Court has jurisdiction over this action as all Defendants are, and were at all relevant times, doing business in the State of Nevada including, without limitation, conducting business as insurers in the State of Nevada.

5.      The acts and/or omissions at issue in this litigation took place in this judicial district within the State of Nevada. The Actions listed below are pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

/ / /

/ / /

/ / /

/ / /

/ / /

**THE ACTIONS**

6.       Colony sues Atain for their refusal to defend and indemnify their named insured, Quality, and the additional insureds covered under each of their policies as they relate to defense and settlement of the following underlying actions:

- *Aaronson et al. v. U.S. Home Corporation, et al.* Clark County, District Court of Nevada Case No.: A-12-669867-D

- *Amedemegnah, et al. v. U.S. Home Corporation, et al.; Saddle Ridge II Claimants v. U.S. Home Corporation, et al.* Clark County District Court Case No.: A-16-732225-D

- *Aton, et al. v. Horton, Inc., et al.,* Clark County District Court Case No.: A732221

- *Attaway v. D.R. Horton, Inc.* Clark County District Court Case No.: A-14-711032-D

- *Azure Manor/Rancho De Paz HOA. v. D.R. Horton, Inc.* Clark County, District Court of Nevada Case No.: A-14-710406-D

- *Beckmann, et al. v. D.R. Horton, Inc.* District Court of Nevada, Clark County Case No.: A-14-740444-D

- *Chamelian, et al. v. US Home Corp, et al.* Clark County, District Court of Nevada Case No.: A-16-732230-D

- *Corpuz v. Centex Homes*, Clark County District Court,  Chapter 40

- *Frey, et al. v. D.R. Horton, Inc., et al* Clark County, District Court of Nevada Case No.: A-14-711601-D

- *Heck, et al. v. D.R. Horton, Inc., et al.* Clark County, District Court of Nevada Case No.: A-16-732295-D

- *High Noon @ Arlington Ranch HOA v. Horton, Inc., et al.* Clark County, District Court of Nevada Case No.: A-542616

- *Jackson* (Riverwalk) *v. D.R. Horton, Inc.,* Clark County District Court Case No.: A745312

- *JFB Trust, et. al. v D.R. Horton, Inc.* Clark County, District Court of Nevada Case No.: A-16 732223-D

- *Knox/Henning, et al. v. D.R. Horton, Inc., et al.* Clark County, District Court of Nevada Case No.: A-15-714624-D

- *Lopez, et al. v. US Home Corporation, et al.* Clark County, District Court of Nevada Case No. 2:16 CV-01754-GMV-CWH

- *Medina, et al. v. US Home Corporation, et al.* Clark County, District Court of Nevada Case No.: A-12-668349-D

- *Munsell et al. v. Beazer Homes Holdings Corp* Clark County, District Court of Nevada Case No.: A-12-661755-D

- *Nguyen v. D. R. Horton, Inc. (Arlington Estates)*, Clark County District Court Case No.: A-16-732129-D

- *Paradise Court HOA v. D.R. Horton* District Court, Clark County, Nevada Case No. A-16-1731709-C

- *Raubolt v. US Home Corporation, et al.* Clark County District Court Case No.: A-15-727599-D

- *Reynard, et al. v. US Home Corp, et al.;Chamelian, et al. v. US Home Corp, et al.* A-15-713588-D

The above listed claims will be collectively referred to as "Actions".

## POLICIES

7.      Colony issued to Quality two Commercial General Liability Insurance Policies, Policy No. AR5360488, effective May 15, 2007 to February 20, 2008 and Policy No AR53602488A, effective February 20, 2008 to February 20, 2009 (the "Colony Policies").

8.      On information and belief, Atain issued to Colony a Commercial General Liability Insurance to Quality, Policy No. PRB1273 effective February 20, 2006 to February 20, 2007 (the "Atain Policy").

9.      On information and belief, the Atain Policy at issue provides coverage for sums the insured is obligated to pay because of "bodily injury" or "property damage" caused by an "occurrence" in which "property damage" means "physical injury to tangible property, including all resulting loss of use of that property" and "occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." On information and belief Colony's policies and Defendants' policies listed above contain additional insured endorsements applicable to the above referenced Actions.

## DEFENSE AND INDEMNITY OF QUALITY

10.     The above Actions were tendered to Colony and Defendants for defense and indemnity.  Colony agreed to defend Quality under the Colony Policies subject to a comprehensive reservation of rights letter.

11.     On information and belief, Atain refused to provide a defense to Quality in all of the Actions.

12.     On information and belief, Colony asserts that Defendants wrongfully refused to and continue to wrongfully refuse to pay the defense and indemnity on behalf of Quality under their respective policies.

13.     Each one of the Actions cited above involves construction defect claims allegedly arising out of Quality's work. Each Complaint in the above referenced Action alleges that the damages to the Properties occurred at various times, thereby triggering a defense obligation under the Atain Policy and the Doe Defendants' policies issued to Quality.

14.     Colony has incurred in excess of $450,000 in defense of Quality. Colony has incurred in excess of $400,000 in settlement of claims on behalf of Quality.

## DEFENSE OF ADDITIONAL INSURED

15.     The above Actions were tendered to Colony and Atain for defense and indemnity under Atain's policies. Colony agreed to defend some but not all of the additional insured defendants in the Actions subject to a comprehensive reservation of rights letter.

16.     On information and belief, Atain and the Doe Defendants refused to provide a defense to any additional insureds in most, if not all, cases.

17.     On information and belief, Colony asserts that Atain and the Doe Defendants wrongfully refused to and continue to wrongfully refuse to pay defense and indemnity on behalf of the additional insureds covered under their respective policies.

18.     Each one of the Actions cited above involves construction defect claims allegedly arising out of Quality's work. Each Complaint in the underlying actions alleges that the damages to the Properties occurred at various times, thereby triggering a defense obligation under each of the Defendants' respective policies.

19.     To date, Colony has paid in excess of $600,000 in defense of the additional insureds.

## FIRST CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
## AS TO DUTY TO DEFEND QUALITY

20.     Colony reinstates and incorporates by reference the allegations contained in the prior paragraphs of this Complaint as though fully set forth herein.

21.     Colony has incurred and continues to incur substantial monetary sums defending Quality in the above listed Actions.

22.     Colony asserts and contends that Quality was insured under Defendants' Policies. Pursuant to the express and implied terms, conditions and provisions of Atain's Policies, Atain and the Doe Defendants were obligated to defend Quality against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions.

23.     Colony asserts and contends that Atain and the doe Defendants wrongfully refused to defend Quality against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions under their respective policies and continue to wrongfully refuse to defend Quality.

24.     Accordingly, under the law and doctrine of equitable contribution, Colony is entitled to contribution from Atain and the Doe Defendants for their equitable share of the sums expended by Colony to defend Quality against the claims, allegations, actions and/or demands made against Quality in the Actions.

25.     Colony asserts and contends that Atain and the Doe Defendants are obligated to reimburse Colony for its proportionate or equitable share of the sums expended by Colony to defend Quality against the claims, allegations, actions and/or demands made against Quality in the above Actions.

26.     By reason of the wrongful refusal of Atain and the Doe Defendants to defend Quality against the claims, allegations, actions and/or demands made to or against Quality in the above referenced Actions, Atain and the Doe Defendants have damaged Colony and are liable to Colony for its proportionate or equitable share of the monetary sums expended by Colony to defend Quality against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions, or alternatively, for Atain and the Doe Defenants' proportionate or equitable share of those monetary sums.

**WHEREFORE**, Colony prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION AS TO DUTY TO INDEMNIFY QUALITY

27.     Colony reinstates and incorporates by reference the allegations contained in the prior paragraphs of this Complaint as though fully set forth herein.

28.     Colony incurred and/or will incur substantial monetary sums indemnifying against the claims, allegations, actions and/or demands made to and/or against Quality in the above referenced Actions.

28.     Colony asserts and contends that Quality was insured under one or more of Defendants' Policies issued.  Pursuant to the express and implied terms, conditions and provisions of Defendants' Policies, Defendants are to fully indemnify Quality against the claims, allegations, actions and/or demands made to and/or against Quality in the above referenced Actions.

29.     Colony asserts and contends that Defendants wrongfully refused and/or failed to fully indemnify Quality under Defendants' Policies against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions.

30.     Accordingly, under the law and doctrine of equitable contribution, Colony is entitled to contribution from Defendants for their equitable share of sums that has been expended and will be expended by Colony to indemnify Quality against the claims, allegations, actions and/or demands made against Quality in the Actions.

31.     Colony asserts and contends that Defendants are obligated to contribute its proportionate or equitable share of the sums expended by Colony to indemnify Quality against the claims, allegations, actions and/or demands made against Quality in the Actions.

32.     By reason of Defendants' failure to indemnify Quality against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions, Defendants have damaged Colony and are liable to Colony for its proportionate share of the monetary sums expended by Colony to fully indemnify Quality against the claims, allegations, actions and/or demands made against Quality in the Actions.

**WHEREFORE**, Colony prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
## AS TO DUTY TO DEFEND ADDITIONAL INSUREDS

33.     Colony reinstates and incorporates by reference the allegations contained in the prior paragraphs of this Complaint as though fully set forth herein.

34.     Colony has incurred and continues to incur substantial monetary sums defending some of the additional insureds in the above referenced Actions.

35.     Colony asserts and contends that the additional insureds were insured under Defendants' Policies.   Pursuant to the express and implied terms, conditions and provisions of Defendants Policies, Defendants as obligated to defend the additional insureds against the claims, allegations, actions and/or demands made against the additional insureds in the above referenced Actions.

36.     Colony asserts and contends that Defendants wrongfully refused to defend the additional insureds against the claims, allegations, actions and/or demands made against the additional insureds in the above referenced Actions under the their respective policies and continue to wrongfully refuse to defend Quality.

37.     Accordingly, under the law and doctrine of equitable contribution, Colony is entitled to contribution from Defendants for its equitable share of the sums expended or to be expended by Colony to defend the additional insureds against the claims, allegations, actions and/or demands made against the additional insureds in the above referenced Actions.

38.     Colony asserts and contends that Defendants are obligated to reimburse Colony for their proportionate or equitable shares of the sums expended by Colony to defend the additional insureds against the claims, allegations, actions and/or demands made against the additional insureds in the above referenced Actions.

39.     By reason of Defendants' wrongful refusal to defend the additional insureds against the claims, allegations, actions and/or demands made to or against the additional insureds in the above referenced Actions, Defendants have damaged Colony and are liable to Colony for Defendants' proportionate or equitable share of those monetary sums expended by Colony to defend the additional insureds against the claims, allegations, actions and/or demands made against the additional insureds in

1   the above referenced Actions, or alternatively, for Defendantsn' proportionate or equitable share of
2   those monetary sums.

3       **WHEREFORE**, Colony prays for judgment as hereinafter set forth.

4                    **FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF**
                            **AS TO DUTY TO DEFEND QUALITY**
5

6       40.       Colony reinstates and incorporates by reference the allegations contained in the prior
7   paragraphs of this Complaint as though fully set forth herein.

8       41.       Quality's defense against the claims, allegations, actions and demands alleged against
9   Quality in the above referenced Actions were tendered to Atain and the Doe Defendants.  It was
10  requested that Atain and the Doe Defendants defend Quality pursuant to its obligations under their
11  Policies. Atain and the Doe Defendants wrongfully refused to defend Quality, and wrongfully continue
12  to refuse to defend Quality in the above referenced Actions under one or more of their policies.

13      42.       Colony has sustained substantial pecuniary loss defending Quality against the claims,
14  actions and demands alleged against Quality in the above referenced Actions.

15      43.       An actual, present and justiciable controversy has arisen and now exists between
16  Colony and Atain, as well as the Doe Defendants, concerning each insurance carrier's respective rights,
17  duties and obligations under their respective policies as follows:

18              i.      Colony asserts and contends that pursuant to the express
19                      and implied terms, conditions and provisions of their
20                      policies, Atain and the Doe Defendants are and were
21                      required and obligated to defend Quality against the claims,
22                      allegations, demands and causes of action alleged against
23                      them in the above referenced Actions.  Colony is informed
24                      and, based thereon, alleges that Atain and the Doe
25                      Defendants have failed to defend Quality against the
26                      claims, allegations, demands and causes of action alleged
27                      against Quality in the above referenced Actions; and

28

ii.    Colony is informed and believes, and based thereon alleges, that Atain and the Doe Defendants deny that they have or had any defense obligation to Quality under one or more of their policies concerning the claims, allegations, demands and causes of action alleged against Quality in the above referenced Actions.

44.    Colony asserts and contends that a declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of Colony and Defendantsregarding their respective obligations to defend Quality against the claims, allegations, demands and causes of action alleged against Quality in the above referenced Actions.

45.    An actual, present and justiciable controversy has arisen between Colony and Defendants regarding their respective defense obligations and duties, if any, owed to Quality under one or more of their policies, and to each other, with respect to the Actions.

46.    By reason of the foregoing, a declaratory judgment is both necessary and proper at this time in order for Colony and Defendants to determine their respective rights, duties and obligations, if any, owed to Quality, and to each other, pursuant to the express and implied terms, conditions and provisions of their respective policies.

**WHEREFORE**, Colony prays for judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF AS TO DUTY TO INDEMNIFY QUALITY

47.    Colony reinstates and incorporates by reference the allegations contained in the prior paragraphs of this Complaint as though fully set forth herein.

48.    Quality's defense against the claims, allegations, actions and demands alleged against Quality in the above referenced Actions were tendered to Defendants.  It was requested that Defendants defend and indemnify Quality pursuant to their obligations under one more of the policies issued by them to Quality. Defendants have refused to indemnify Quality in the above referenced Actions under one or more of Defendants' Policies, respectively.

49.     An actual, present and justiciable controversy has arisen and now exists between Colony and Defendants concerning each insurance carrier's respective rights, duties and obligations under their respective policies as follows:

          i.      Colony asserts and contends that pursuant to the express and implied terms, conditions and provisions of their policies, Defendants are required and obligated to indemnify Quality against the claims, allegations, demands and causes of action alleged against them in the Actions. Colony is informed and, based thereon, alleges that based on Defendants' present denial of a defense under one or more of their respective policies, Defendants will fail to indemnify Quality against the claims, allegations, demands and causes of action alleged against Quality in the Actions; and

          ii.     Colony is informed and believes, and based thereon alleges, that Defendants deny that they have or had any defense or indemnity obligation to Quality under one or more of their respective policies concerning the claims, allegations, demands and causes of action alleged against Quality in the Actions.

50.     Colony has sustained and will sustain substantial pecuniary loss indemnifying Quality against the claims, actions and demands alleged against Quality in the above referenced Actions.

51.     Colony asserts and contends that a declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of Colony and Defendants regarding their respective obligations to indemnify Quality against the claims, allegations, demands and causes of action alleged against Quality in the Actions.

52.     An actual, present and justiciable controversy has arisen between Colony and Defendants regarding their respective indemnity obligations and duties, if any, owed to Quality and to each other with respect to the Actions.

53.     By reason of the foregoing, a declaratory judgment is both necessary and proper at this time in order for Colony and Defendants to determine their respective rights, duties and obligations, if any, owed to Quality and to each other, pursuant to the express and implied terms, conditions and provisions of their respective policies.

**WHEREFORE**, Colony prays for judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION FOR DECLARATORY RELIEF AS TO DUTY TO DEFEND ADDITIONAL INSUREDS

54.     Colony reinstates and incorporates by reference the allegations contained in the prior paragraphs of this Complaint as though fully set forth herein.

55.     Additional Insured's defense against the claims, allegations, actions and demands alleged against them in the above referenced Actions was tendered to Colony and Defendants.  It was requested that Colony and Defendants defend the additional insureds pursuant to their obligations under their Policies. Colony accepted the defense of the additional insured subject to a complete reservation of rights. Defendants, and each of them, wrongfully refused to defend the additional insureds, and wrongfully continue to refuse to defend the additional insureds in the above referenced Actions under one or more of their policies.

56.     Colony has sustained substantial pecuniary loss defending the additional insureds against the claims, actions and demands alleged against the additional insureds in the Actions.

57.     An actual, present and justiciable controversy has arisen and now exists between Colony and Defendants concerning each insurance carrier's respective rights, duties and obligations under their respective policies as follows:

        i.      Colony asserts and contends that pursuant to the express and implied terms, conditions and provisions of their policies, Defendants are and were required and obligated to defend the additional insureds against the claims,

allegations, demands and causes of action alleged against them in the above referenced Actions. Colony is informed and, based thereon, alleges that Defendants have failed to defend the additional insureds against the claims, allegations, demands and causes of action alleged against the additional insureds in the Actions; and

ii.   Colony is informed and believes, and based thereon alleges, that Defendants deny that they have or had any defense obligation to the additional insureds under one or more of their policies concerning the claims, allegations, demands and causes of action alleged against the Additional Insureds in the Actions.

58.   Colony asserts and contends that a declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of Colony and Defendants regarding their respective obligations to defend the Additional Insureds against the claims, allegations, demands and causes of action alleged against the Additional Insureds in the Actions.

59.   An actual, present and justiciable controversy has arisen between Colony and Defendants regarding their respective defense obligations and duties, if any, owed to the Additional Insureds under one or more of their policies, and to each other, with respect to the above referenced Actions.

60.   By reason of the foregoing, a declaratory judgment is both necessary and proper at this time in order for Colony and Defendants to determine their respective rights, duties and obligations, if any, owed to the Additional Insureds, and to each other, pursuant to the express and implied terms, conditions and provisions of their respective policies.

**WHEREFORE,** Colony prays for judgment as hereinafter set forth.

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Colony prays for judgment against each Defendant as follows:

1.      For equitable contribution from Defendants for their respective equitable and/or proportionate share of all the monetary sums expended by Colony to defend Quality against the claims, allegations, causes of action and/or demands made against Quality in the above referenced Actions, according to proof;

2.      For equitable contribution from Defendants for their respective equitable and/or proportionate share of all the monetary sums expended by Colony to indemnify Quality against the claims, allegations, causes of action and/or demands made against Quality in the above referenced Actions, according to proof;

3.      For equitable contribution from Defendants for their respective equitable and/or proportionate share of all the monetary sums expended by Colony to defend the Additional Insureds against the claims, allegations, causes of action and/or demands made against the Additional Insureds in the above referenced Actions, according to proof;

4.      For a declaration that Defendants have an obligation to defend Quality under each of their respective policies, according to proof;

5.      For a declaration that Defendants have an obligation to indemnify Quality under each of their respective policies, according to proof;

6.      For a declaration that Defendants have an obligation to defend the Additional Insureds under each of their respective policies, according to proof;

7.      For costs of suit and attorneys' fees and costs incurred herein;

8.      For an award of prejudgment interest; and

/ / /

/ / /

/ / /

/ / /

/ / /

9.     For such other and further relief as this Court deems just and proper.


DATED: December 4, 2017


Trelawney Kitchen
LAW OFFICES OF SEMHA ALWAYA, APC
2000 Powell Street, Suite 125
Emeryville, California 94608

And

L. Kristopher Rath
Cynthia G. Milanowski
HUTCHISON & STEFFEN, PLLC
10080 W. Alta Dr., Suite 200
Las Vegas, NV 89145

*Attorney for Plaintiff*
*COLONY NATIONAL INSURANCE COMPANY*