Trelawney Kitchen (10374)
LAW OFFICES OF SEMHA ALWAYA, APC
2000 Powell Street, Suite 125
Emeryville, California 94608
Phone:  (510) 595-7900
Facsimile: (510) 595-9049
Email:   tjkitchen@alwayalaw.com

AND

L. Kristopher Rath (5749)
Cynthia G. Milanowski (5652)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 W. Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone:  (702) 385-2500
Facsimile: (702) 385-2086
Email: Krath@hutchlegal.com
Email: cmilanowski@hutchlegal.com

*Attorneys for Plaintiff*
*Peleus Insurance Company*
*fka Colony National Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PELEUS INSURANCE COMPANY fka COLONY NATIONAL INSURANCE COMPANY, | Case No. 2:18-cv-00064-JAD-GWF |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | |
| ATAIN SPECIALTY INSURANCE COMPANY; and DOES 1 through 20, inclusive, | |
| Defendants | |

Plaintiff PELEUS INSURANCE COMPANY fka COLONY NATIONAL INSURANCE COMPANY ("Colony") hereby complains against Defendants ATAIN SPECIALTY INSURANCE COMPANY ("Atain"); and DOES 1 through 10, inclusive and each of them.

## PARTIES

1.        Colony is a corporation licensed to do business and doing business at all relevant times herein as a liability insurer in the State of Nevada.

2.        Colony alleges on information and belief that Atain is a corporation licensed to do business and doing business at all relevant times herein as a liability insurer in the State of Nevada.

3.        Colony alleges on information and belief that DOES 1 through 20 are insurers licensed to do business and doing business in the State of Nevada who also owe defense and/or indemnity to Quality Wood Product, Ltd. ("Quality") and the additional insureds covered under their policies for the lawsuits listed below, but have failed and/or refused to provide a defense and/or indemnify Quality and/or any additional insureds covered under their policies.  The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES 1 through 20 are unknown to Colony at this time; and for that reason, Colony sues Doe Defendants by fictitious names. Colony will seek leave to amend this Complaint to allege the true names and capacities of said Doe Defendants when they have been ascertained.

## JURISDICTION AND VENUE

4.        This action for declaratory relief, equitable contribution, and equitable indemnity is brought pursuant to NRCP 57 and NRS Chapter 30, and the common law. This Court has jurisdiction over this action as all Defendants are, and were at all relevant times, doing business in the State of Nevada including, without limitation, conducting business as insurers in the State of Nevada.

5.        The acts and/or omissions at issue in this litigation took place in this judicial district within the State of Nevada. The Actions listed below are pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## THE ACTIONS

6.        Colony sues Atain for their refusal to defend and indemnify their named insured, Quality, and the additional insureds covered under each of their policies as they relate to defense and settlement of the following underlying actions:

- *Aaronson et al. v. U.S. Home Corporation, et al.* Clark County, District Court of Nevada Case No.: A-12-669867-D

- *Amedemegnah, et al. v. U.S. Home Corporation, et al.;*
  *Saddle Ridge II Claimants v. U.S. Home Corporation, et al.* Clark County District Court Case No.: A-16-732225-D

- *Aton, et al. v. Horton, Inc., et al.,* Clark County District Court Case No.: A732221

- *Attaway v. D.R. Horton, Inc.* Clark County District Court Case No.: A-14-711032-D

- *Azure Manor/Rancho De Paz HOA. v. D.R. Horton, Inc.* Clark County, District Court of Nevada Case No.: A-14-710406-D

- *Beckmann, et al. v. D.R. Horton, Inc.* District Court of Nevada, Clark County Case No.: A-14-740444-D

- *Chamelian, et al. v. US Home Corp, et al.* Clark County, District Court of Nevada Case No.: A-16-732230-D

- *Corpuz v. Centex Homes*, Clark County District Court, Chapter 40

- *Frey, et al. v. D.R. Horton, Inc., et al* Clark County, District Court of Nevada Case No.: A-14-711601-D

- *Heck, et al. v. D.R. Horton, Inc., et al.* Clark County, District Court of Nevada Case No.: A-16-732295-D

- *High Noon @ Arlington Ranch HOA v. Horton, Inc., et al.* Clark County, District Court of Nevada Case No.: A-542616

- *Jackson* (Riverwalk) *v. D.R. Horton, Inc.,* Clark County District Court Case No.: A745312

- *JFB Trust, et. al. v D.R. Horton, Inc.* Clark County, District Court of Nevada Case No.: A-16 732223-D

- *Knox/Henning, et al. v. D.R. Horton, Inc., et al.* Clark County, District Court of Nevada Case No.: A-15-714624-D

- *Lopez, et al. v. US Home Corporation, et al.* Clark County, District Court of Nevada Case No. 2:16 CV-01754-GMV-CWH

- *Medina, et al. v. US Home Corporation, et al.* Clark County, District Court of Nevada Case No.: A-12-668349-D

- *Munsell et al. v. Beazer Homes Holdings Corp* Clark County, District Court of Nevada Case No.: A-12-661755-D

- *Nguyen v. D. R. Horton, Inc. (Arlington Estates)*, Clark County District Court Case No.: A-16-732129-D

- *Paradise Court HOA v. D.R. Horton* District Court, Clark County, Nevada Case No. A-16-1731709-C

- *Raubolt v. US Home Corporation, et al.* Clark County District Court Case No.: A-15-727599-D

- *Reynard, et al. v. US Home Corp, et al.;Chamelian, et al. v. US Home Corp, et al.* A-15-713588-D

The above listed claims will be collectively referred to as "Actions".

<u>POLICIES</u>

7.     Colony issued to Quality two Commercial General Liability Insurance Policies, Policy No. AR5360488, effective May 15, 2007 to February 20, 2008 and Policy No AR53602488A, effective February 20, 2008 to February 20, 2009 (the "Colony Policies").

8.     On information and belief, Atain issued to Colony a Commercial General Liability Insurance to Quality, Policy No. PRB1273 effective February 20, 2006 to February 20, 2007 (the "Atain Policy").

9.     On information and belief, the Atain Policy at issue provides coverage for sums the insured is obligated to pay because of "bodily injury" or "property damage" caused by an "occurrence" in which "property damage" means "physical injury to tangible property, including all resulting loss of use of that property" and "occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." On information and belief Colony's policies and Defendants' policies listed above contain additional insured endorsements applicable to the above referenced Actions.

<u>DEFENSE AND INDEMNITY OF QUALITY</u>

10.     The above Actions were tendered to Colony and Defendants for defense and indemnity. Colony agreed to defend Quality under the Colony Policies subject to a comprehensive reservation of rights letter.

11.     On information and belief, Atain refused to provide a defense to Quality in all of the Actions.

12.     On information and belief, Colony asserts that Defendants wrongfully refused to and continue to wrongfully refuse to pay the defense and indemnity on behalf of Quality under their respective policies.

13.     Each one of the Actions cited above involves construction defect claims allegedly arising out of Quality's work. Each Complaint in the above referenced Action alleges that the damages to the

1 Properties occurred at various times, thereby triggering a defense obligation under the Atain Policy and
2 the Doe Defendants' policies issued to Quality.

3 14.    Colony has incurred in excess of $450,000 in defense of Quality. Colony has incurred in
4 excess of $400,000 in settlement of claims on behalf of Quality.

5                          DEFENSE OF ADDITIONAL INSURED

6 15.    The above Actions were tendered to Colony and Atain for defense and indemnity under
7 Atain's policies. Colony agreed to defend some but not all of the additional insured defendants in the
8 Actions subject to a comprehensive reservation of rights letter.

9 16.    On information and belief, Atain and the Doe Defendants refused to provide a defense to any
10 additional insureds in most, if not all, cases.

11 17.    On information and belief, Colony asserts that Atain and the Doe Defendants wrongfully
12 refused to and continue to wrongfully refuse to pay defense and indemnity on behalf of the additional
13 insureds covered under their respective policies.

14 18.    Each one of the Actions cited above involves construction defect claims allegedly arising out
15 of Quality's work. Each Complaint in the underlying actions alleges that the damages to the Properties
16 occurred at various times, thereby triggering a defense obligation under each of the Defendants'
17 respective policies.

18 19.    To date, Colony has paid in excess of $600,000 in defense of the additional insureds.

19                 FIRST CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
                          AS TO DUTY TO DEFEND QUALITY
20

21 20.    Colony reinstates and incorporates by reference the allegations contained in the prior
22 paragraphs of this Complaint as though fully set forth herein.

23 21.    Colony has incurred and continues to incur substantial monetary sums defending Quality in
24 the above listed Actions.

25 22.    Colony asserts and contends that Quality was insured under Defendants' Policies. Pursuant to
26 the express and implied terms, conditions and provisions of Atain's Policies, Atain and the Doe
27 Defendants were obligated to defend Quality against the claims, allegations, actions and/or demands
28 made against Quality in the above referenced Actions.

23.    Colony asserts and contends that Atain and the doe Defendants wrongfully refused to defend Quality against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions under their respective policies and continue to wrongfully refuse to defend Quality.

24.    Accordingly, under the law and doctrine of equitable contribution, Colony is entitled to contribution from Atain and the Doe Defendants for their equitable share of the sums expended by Colony to defend Quality against the claims, allegations, actions and/or demands made against Quality in the Actions.

25.    Colony asserts and contends that Atain and the Doe Defendants are obligated to reimburse Colony for its proportionate or equitable share of the sums expended by Colony to defend Quality against the claims, allegations, actions and/or demands made against Quality in the above Actions.

26.    By reason of the wrongful refusal of Atain and the Doe Defendants to defend Quality against the claims, allegations, actions and/or demands made to or against Quality in the above referenced Actions, Atain and the Doe Defendants have damaged Colony and are liable to Colony for its proportionate or equitable share of the monetary sums expended by Colony to defend Quality against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions, or alternatively, for Atain and the Doe Defendants' proportionate or equitable share of those monetary sums.

WHEREFORE, Colony prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION AS TO DUTY TO INDEMNIFY QUALITY

27.    Colony reinstates and incorporates by reference the allegations contained in the prior paragraphs of this First Amended Complaint as though fully set forth herein.

28.    Colony incurred and/or will incur substantial monetary sums indemnifying against the claims, allegations, actions and/or demands made to and/or against Quality in the above referenced Actions.

29.    Colony asserts and contends that Quality was insured under one or more of Defendants' Policies issued.  Pursuant to the express and implied terms, conditions and provisions of Defendants' Policies, Defendants are to fully indemnify Quality against the claims, allegations, actions and/or demands made to and/or against Quality in the above referenced Actions.

30.     Colony asserts and contends that Defendants wrongfully refused and/or failed to fully indemnify Quality under Defendants' Policies against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions.

31.     Accordingly, under the law and doctrine of equitable contribution, Colony is entitled to contribution from Defendants for their equitable share of sums that has been expended and will be expended by Colony to indemnify Quality against the claims, allegations, actions and/or demands made against Quality in the Actions.

32.     Colony asserts and contends that Defendants are obligated to contribute its proportionate or equitable share of the sums expended by Colony to indemnify Quality against the claims, allegations, actions and/or demands made against Quality in the Actions.

33.     By reason of Defendants' failure to indemnify Quality against the claims, allegations, actions and/or demands made against Quality in the above referenced Actions, Defendants have damaged Colony and are liable to Colony for its proportionate share of the monetary sums expended by Colony to fully indemnify Quality against the claims, allegations, actions and/or demands made against Quality in the Actions.

WHEREFORE, Colony prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION AS TO DUTY TO DEFEND ADDITIONAL INSUREDS

34.     Colony reinstates and incorporates by reference the allegations contained in the prior paragraphs of this First Amended Complaint as though fully set forth herein.

35.     Colony has incurred and continues to incur substantial monetary sums defending some of the additional insureds in the above referenced Actions.

36.     Colony asserts and contends that the additional insureds were insured under Defendants' Policies. Pursuant to the express and implied terms, conditions and provisions of Defendants Policies, Defendants as obligated to defend the additional insureds against the claims, allegations, actions and/or demands made against the additional insureds in the above referenced Actions.

37.     Colony asserts and contends that Defendants wrongfully refused to defend the additional insureds against the claims, allegations, actions and/or demands made against the additional insureds in

1    the above referenced Actions under the their respective policies and continue to wrongfully refuse to
2    defend Quality.

3    38.    Accordingly, under the law and doctrine of equitable contribution, Colony is entitled to
4    contribution from Defendants for its equitable share of the sums expended or to be expended by Colony
5    to defend the additional insureds against the claims, allegations, actions and/or demands made against
6    the additional insureds in the above referenced Actions.

7    39.    Colony asserts and contends that Defendants are obligated to reimburse Colony for their
8    proportionate or equitable shares of the sums expended by Colony to defend the additional insureds
9    against the claims, allegations, actions and/or demands made against the additional insureds in the
10   above referenced Actions.

11   40.    By reason of Defendants' wrongful refusal to defend the additional insureds against the
12   claims, allegations, actions and/or demands made to or against the additional insureds in the above
13   referenced Actions, Defendants have damaged Colony and are liable to Colony for Defendants'
14   proportionate or equitable share of those monetary sums expended by Colony to defend the additional
15   insureds against the claims, allegations, actions and/or demands made against the additional insureds in
16   the above referenced Actions, or alternatively, for Defendants'' proportionate or equitable share of
17   those monetary sums.

18         WHEREFORE, Colony prays for judgment as hereinafter set forth.

19                    FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF
                           AS TO DUTY TO DEFEND QUALITY
20

21   41.    Colony reinstates and incorporates by reference the allegations contained in the prior
22   paragraphs of this First Amended Complaint as though fully set forth herein.

23   42.    Quality's defense against the claims, allegations, actions and demands alleged against Quality
24   in the above referenced Actions were tendered to Atain and the Doe Defendants.  It was requested that
25   Atain and the Doe Defendants defend Quality pursuant to its obligations under their Policies. Atain and
26   the Doe Defendants wrongfully refused to defend Quality, and wrongfully continue to refuse to defend
27   Quality in the above referenced Actions under one or more of their policies.

28

43.     Colony has sustained substantial pecuniary loss defending Quality against the claims, actions and demands alleged against Quality in the above referenced Actions.

44.     An actual, present and justiciable controversy has arisen and now exists between Colony and Atain, as well as the Doe Defendants, concerning each insurance carrier's respective rights, duties and obligations under their respective policies as follows:

      i.     Colony asserts and contends that pursuant to the express and implied terms, conditions and provisions of their policies, Atain and the Doe Defendants are and were required and obligated to defend Quality against the claims, allegations, demands and causes of action alleged against them in the above referenced Actions. Colony is informed and, based thereon, alleges that Atain and the Doe Defendants have failed to defend Quality against the claims, allegations, demands and causes of action alleged against Quality in the above referenced Actions; and

      ii.    Colony is informed and believes, and based thereon alleges, that Atain and the Doe Defendants deny that they have or had any defense obligation to Quality under one or more of their policies concerning the claims, allegations, demands and causes of action alleged against Quality in the above referenced Actions.

45.     Colony asserts and contends that a declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of Colony and Defendants regarding their respective obligations to defend Quality against the claims, allegations, demands and causes of action alleged against Quality in the above referenced Actions.

46.     An actual, present and justiciable controversy has arisen between Colony and Defendants regarding their respective defense obligations and duties, if any, owed to Quality under one or more of their policies, and to each other, with respect to the Actions.

47.     By reason of the foregoing, a declaratory judgment is both necessary and proper at this time in order for Colony and Defendants to determine their respective rights, duties and obligations, if any,

1  owed to Quality, and to each other, pursuant to the express and implied terms, conditions and
2  provisions of their respective policies.

3       WHEREFORE, Colony prays for judgment as hereinafter set forth.

4       FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF AS TO DUTY TO
                            INDEMNIFY QUALITY
5

6  48.     Colony reinstates and incorporates by reference the allegations contained in the prior
7  paragraphs of this First Amended Complaint as though fully set forth herein.

8  49.     Quality's defense against the claims, allegations, actions and demands alleged against
9  Quality in the above referenced Actions were tendered to Defendants.  It was requested that Defendants
10 defend and indemnify Quality pursuant to their obligations under one more of the policies issued by
11 them to Quality. Defendants have refused to indemnify Quality in the above referenced Actions under
12 one or more of Defendants' Policies, respectively.

13 50.     An actual, present and justiciable controversy has arisen and now exists between Colony and
14 Defendants concerning each insurance carrier's respective rights, duties and obligations under their
15 respective policies as follows:

16       i.      Colony asserts and contends that pursuant to the express
17               and implied terms, conditions and provisions of their policies, Defendants
18               are required and obligated to indemnify Quality against the claims,
19               allegations, demands and causes of action alleged against them in the
20               Actions. Colony is informed and, based thereon, alleges that based on
21               Defendants'  present denial of a defense under one or more of their
22               respective policies, Defendants  will fail to indemnify Quality against the
23               claims, allegations, demands and causes of action alleged against Quality
24               in the Actions; and

25       ii.     Colony is informed and believes, and based thereon alleges, that
26               Defendants deny that they have or had any defense or indemnity
27               obligation to Quality under one or more of their respective policies

28

1    concerning the claims, allegations, demands and causes of action alleged

2    against Quality in the Actions.

3    51.    Colony has sustained and will sustain substantial pecuniary loss indemnifying Quality against

4    the claims, actions and demands alleged against Quality in the above referenced Actions.

5    52.    Colony asserts and contends that a declaratory judgment is both necessary and proper at this

6    time for the court to determine the respective rights and liabilities of Colony and Defendants regarding

7    their respective obligations to indemnify Quality against the claims, allegations, demands and causes of

8    action alleged against Quality in the Actions.

9    53.    An actual, present and justiciable controversy has arisen between Colony and Defendants

10   regarding their respective indemnity obligations and duties, if any, owed to Quality and to each other

11   with respect to the Actions.

12   54.    By reason of the foregoing, a declaratory judgment is both necessary and proper at this time in

13   order for Colony and Defendants to determine their respective rights, duties and obligations, if any,

14   owed to Quality and to each other, pursuant to the express and implied terms, conditions and provisions

15   of their respective policies.

16   WHEREFORE, Colony prays for judgment as hereinafter set forth.

17   SIXTH CAUSE OF ACTION FOR DECLARATORY RELIEF
     AS TO DUTY TO DEFEND ADDITIONAL INSUREDS

18

19   55.    Colony reinstates and incorporates by reference the allegations contained in the prior

20   paragraphs of this First Amended Complaint as though fully set forth herein.

21   56.    Additional Insured's defense against the claims, allegations, actions and demands alleged

22   against them in the above referenced Actions was tendered to Colony and Defendants. It was requested

23   that Colony and Defendants defend the additional insureds pursuant to their obligations under their

24   Policies. Colony accepted the defense of the additional insured subject to a complete reservation of

25   rights. Defendants, and each of them, wrongfully refused to defend the additional insureds, and

26   wrongfully continue to refuse to defend the additional insureds in the above referenced Actions under

27   one or more of their policies.

28

57.     Colony has sustained substantial pecuniary loss defending the additional insureds against the claims, actions and demands alleged against the additional insureds in the Actions.

58.     An actual, present and justiciable controversy has arisen and now exists between Colony and Defendants concerning each insurance carrier's respective rights, duties and obligations under their respective policies as follows:

      i.     Colony asserts and contends that pursuant to the express and implied terms, conditions and provisions of their policies, Defendants are and were required and obligated to defend the additional insureds against the claims, allegations, demands and causes of action alleged against them in the above referenced Actions.  Colony is informed and, based thereon, alleges that Defendants have failed to defend the additional insureds against the claims, allegations, demands and causes of action alleged against the additional insureds in the Actions; and

      ii.    Colony is informed and believes, and based thereon alleges, that Defendants deny that they have or had any defense obligation to the additional insureds under one or more of their policies concerning the claims, allegations, demands and causes of action alleged against the Additional Insureds in the Actions.

59.     Colony asserts and contends that a declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of Colony and Defendants regarding their respective obligations to defend the Additional Insureds against the claims, allegations, demands and causes of action alleged against the Additional Insureds in the Actions.

60.     An actual, present and justiciable controversy has arisen between Colony and Defendants regarding their respective defense obligations and duties, if any, owed to the Additional Insureds under one or more of their policies, and to each other, with respect to the above referenced Actions.

61.     By reason of the foregoing, a declaratory judgment is both necessary and proper at this time in order for Colony and Defendants to determine their respective rights, duties and obligations, if any,

owed to the Additional Insureds, and to each other, pursuant to the express and implied terms, conditions and provisions of their respective policies.

WHEREFORE, Colony prays for judgment as hereinafter set forth.

PRAYER FOR RELIEF

WHEREFORE, Colony prays for judgment against each Defendant as follows:

1.    For equitable contribution from Defendants for their respective equitable and/or proportionate share of all the monetary sums expended by Colony to defend Quality against the claims, allegations, causes of action and/or demands made against Quality in the above referenced Actions, according to proof;

2.    For equitable contribution from Defendants for their respective equitable and/or proportionate share of all the monetary sums expended by Colony to indemnify Quality against the claims, allegations, causes of action and/or demands made against Quality in the above referenced Actions, according to proof;

3.    For equitable contribution from Defendants for their respective equitable and/or proportionate share of all the monetary sums expended by Colony to defend the Additional Insureds against the claims, allegations, causes of action and/or demands made against the Additional Insureds in the above referenced Actions, according to proof;

4.    For a declaration that Defendants have an obligation to defend Quality under each of their respective policies, according to proof;

5.    For a declaration that Defendants have an obligation to indemnify Quality under each of their respective policies, according to proof;

6.    For a declaration that Defendants have an obligation to defend the Additional Insureds under each of their respective policies, according to proof;

7.    For costs of suit and attorneys' fees and costs incurred herein;

8.    For an award of prejudgment interest; and

/ / /

/ / /

/ / /

9.    For such other and further relief as this Court deems just and proper.

DATED this 15ᵗʰ day of February, 2018.

HUTCHISON & STEFFEN, PLLC


L. Kristopher Rath
Cynthia G. Milanowski
HUTCHISON & STEFFEN, PLLC
10080 W. Alta Dr., Suite 200
Las Vegas, NV 89145

AND

Trelawney Kitchen
LAW OFFICES OF SEMHA ALWAYA, APC
2000 Powell Street, Suite 125
Emeryville, California 94608

*Attorneys for Plaintiff*
*Peleus Insurance Company fka Colony National Insurance Company*